## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**ANDRE D. MARTIN,**                    )
                                        )
      **Petitioner,**        )
                                        )
      **v.**                )      **Civil Action No. 13-11329-DJC**
                                        )
**U.S. IMMIGRATION AND CUSTOMS**        )
**ENFORCEMENT,**                        )
                                        )
      **Respondent.**        )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                    June 26, 2013

For the reasons set forth below, petitioner's request for habeas relief pursuant to 28 U.S.C.

§ 2241 is denied and this action is transferred to the U.S. Court of Appeals for the Second Circuit

pursuant to 28 U.S.C. § 1631 (transfer to cure want of jurisdiction).

## BACKGROUND

On April 24, 2013, petitioner Andre D. Martin ("Martin") filed the instant habeas action with

the United States District Court for the Southern District of New York. With his petition, Martin

filed a request to proceed *in forma pauperis*. D. 1. He also filed a proposed Order to Show Cause

for Preliminary Injunction and Temporary Restraining Order seeking to stay his removal to Jamaica.

D. 3. By Order dated May 29, 2013, the Southern District of New York transferred the case to this

district because the petitioner is in custody at the Norfolk County House of Correction in the District

of Massachusetts. D. 5.

From what can be gleaned from the allegations in the petition, Martin seeks to challenge both

a Connecticut criminal conviction and a final order of removal. See Petition ("Pet."), ¶¶ 2(a) (a

conviction and/or sentence), 2(e) (detainer).  Although the relief section of the petition is blank, id. at ¶ 10, petitioner submitted a proposed Order to Show Cause seeking a stay of removal.  D. 3.

Martin was convicted in 2004 by a jury in a Connecticut Superior Court of three drug-related charges.  State v. Martin, No. FBT -CR-03-019010-T, 2004 WL 5523733 (Conn. Super. Feb. 10, 2004).   On appeal, the Appellate Court of Connecticut reversed the judgments of conviction and ordered judgment directed for the defendant.  State v. Martin, 909 A.2d 547 (2006), rev'd, 939 A.2d 524 (2007).  The Connecticut Supreme Court disagreed and reinstated the convictions and remanded the case to the Appellate Court for further proceedings to consider the defendant's remaining claims on appeal.  State v. Martin, 939 A.2d 524, 541 (2008).   On remand, the Appellate Court affirmed the petitioner's convictions except it held that the petitioner's right against double jeopardy was violated by being convicted of both the attempted possession of marijuana and the possession of marijuana charge.  State v. Martin, 954 A.2d 256, 260-261 (2008).  Accordingly, the Appellate Court ordered that the case be remanded to the trial court so that the sentence on the possession charge could be vacated.  State v. Martin, 954 A.2d 256 (2008), appeal dismissed, 295 Conn. 192, 989 A.2d 1072 (2010).

It appears that petitioner seeks to challenge an order of removal from which he appealed to the Board of Immigration Appeals ("BIA"), which denied the appeal on March 25, 2013.  Pet., ¶ 3.[1] Petitioner challenges the order of removal on the grounds that the Immigration Judge decided not to "hear notice to appear only assylum (sic) or refugee case," and because his immigration attorney "did not contact witness" to testify.  Id. at ¶¶ 9(a), 9(b).

---

[1] Although the petition does not provide more detail about the removal order, the Immigration Court Information System reveals that an immigration judge ordered Martin's removal on October 25, 2012.

Petitioner also challenges his conviction as he alleges that he discovered that the arresting officer was subsequently arrested in 2012 for evidence tampering.  See Pet., ¶9(c).  Petitioner also complains that the Connecticut Supreme Court only heard the double jeopardy claim.  Id. at ¶9(d).

Finally, Martin submitted a proposed Order to Show Cause that seeks injunctive relief.  D. 3.  In the proposed order, Martin refers to concerns about his safety if deported given threats made by others.  D. 3 at 1.  He also asks the court to grant a stay of removal because petitioner "will be killed/tortured once [he is] on Jamaican soil for being bisexual [because] such behaviors are not tolerated" there.  Id. at p. 3.

## DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted).

Although this petition is brought pursuant to Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Boutwell v. Keating, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct

the clerk to notify the petitioner." Rule 4; <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); <u>Mahoney v. Vondergritt</u>, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. <u>Marmol v. Dubois</u>, 855 F. Supp. 444, 446 (D. Mass.1994); <u>see</u> <u>Eady v. Dir., Charleston County Det. Ctr.</u>, No. 9:11-01695-JMC-BM, 2011 WL 3704225, *3 (D.S.C. 2011) citing <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have a duty to screen habeas petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), <u>cert. denied</u>, 400 U.S. 906 (1970).

To the extent petitioner is challenging his Connecticut convictions and/or sentences, such a challenge must be brought pursuant to 28 U.S.C. § 2254. Section 2254(a) directs a district judge to entertain section 2254 petitions only for persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Thus, "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court." <u>Lackawanna Cty. Dist. Atty. v. Coss</u>, 532 U.S. 394, 401 (2001).

At the time of filing, petitioner was not in custody pursuant to the Connecticut state court judgment he attacks; rather, he was in the custody of the Immigration and Customs Enforcement ("ICE"). Accordingly, even if filed under Section 2254(a), petitioner's challenge is moot because he is no longer in custody pursuant to a judgment of a Connecticut state court.

To the extent Martin seeks habeas relief pursuant to 28 U.S.C. § 2241, this Court is without jurisdiction. The statutes providing for review of removal orders circumscribe this Court's subject matter jurisdiction. <u>See</u> 8 U.S.C. § 1252(a), (b)(9) and (g). The relevant statutes provide that the

courts of appeals shall have exclusive jurisdiction over such claims.  Congress explicitly amended

8 U.S.C. § 1252(b)(9), to preclude subject matter jurisdiction predicated upon 28 U.S.C. § 2241.[2]

 See Aguilar v. ICE, 510 F.3d 1, 9 (1st Cir. 2007) (noting that "[a]s its text makes manifest, that

proviso was designed to consolidate and channel review of *all* legal and factual questions that arise

from the removal of an alien into the administrative process, with judicial review of those decisions

vested exclusively in the courts of appeals") (emphasis in original); Ishak v. Gonzales, 422 F.3d 22,

29 (1st Cir. 2005) (observes that "[t]he plain language of these amendments, in effect, strips the

district court of habeas jurisdiction over final orders of removal, including orders issued prior to the

enactment of the ... Act ....  Congress has now definitively eliminated any provision for [habeas]

jurisdiction.").

        To the extent Martin seeks to have this court issue a stay of removal, the provisions of 8

U.S.C. § 1252 precludes district courts from staying orders of deportation or removal. See e.g., Scott

v. Napolitano, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (notes that the "provisions of § 1252 also

operate to strip district courts of jurisdiction to stay an order of removal"); Tejada v. Cabral, 424 F.

Supp. 2d 296, 298 (D. Mass. 2006) (noting that even when a district court has jurisdiction over a

---

        [2]Congress explicitly amended 8 U.S.C. § 1252(b)(9), to preclude subject matter
jurisdiction predicated upon 28 U.S.C. § 2241:

        Judicial review of all questions of law and fact, including interpretation and application
        of constitutional and statutory provisions, arising from any action taken or proceeding
        brought to remove an alien from the United States under this title shall be available only
        in judicial review of a final order under this section. Except as otherwise provided in this
        section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28,
        United States Code, or any other habeas corpus provision, by section 1361 or 1651 of
        such title, or by any other provision of law (statutory or nonstatutory), to review such an
        order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

habeas petition challenging an underlying state criminal conviction, a petitioner in immigration detention must "request a stay of his order of removal from the appropriate court of appeals"). Thus, this Court lacks authority to issue a stay of a final order of removal. Accordingly, to the extent that the petition challenges the validity of removal proceedings against Martin, judicial review would lie exclusively in the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").

If the Court dismissed this action, Martin would be unable to satisfy the thirty-day jurisdictional requirement for filing a petition for review regarding the March 25, 2013 BIA decision. See 8 U.S.C. § 1252(b)(1) ("The petition for reeview must be filed not later than 30 days after the date of the final order of removal"). Consequently, and in accordance with the leniency afforded *pro se* litigants, the interests of justice favor transferring the action to the Second Circuit as a petition for review pursuant to 28 U.S.C. § 1631 (providing that if a court lacks jurisdiction over an action, that court may transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, if it is in the interests of justice, and the action shall proceed as if it had been filed on the date upon which it which it was actually filed in the court from which it is transferred).

### ORDER

Accordingly, it is hereby ORDERED that Martin's request for habeas relief pursuant to 28 U.S.C. § 2241 is denied and this action is transferred to the Second Circuit Court of Appeals as a petition for review. This case shall then be closed and the clerk shall terminate all pending

motions.

**SO ORDERED.**

 /s/ Denise J. Casper
Denise J. Casper
United States District Judge